IN THE DISTRICT COURT OF THE UNITED STATES

FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Dan Lavon Temple, #240638, ) | |
| ) | Civil Action No. 3:05-2294-JFA-JRM |
| Petitioner, ) | |
| ) | |
| vs. ) | |
| ) | |
| State of South Carolina, ) | **REPORT AND RECOMMENDATION** |
| Henry Dargan McMaster, and Attorney ) | |
| General of South Carolina, ) | |
| ) | |
| Respondents. ) | |
| ) | |

Petitioner, Dan Lavon Temple ("Temple"), is an inmate at the South Carolina Department of Corrections serving a sentence of twelve years imprisonment (suspended to service of seven years with five years of probation) for drug charges. He filed a pro se petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 on August 3, 2005.[1] The case was automatically referred to the undersigned pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and Local Rule 73.02 (B)(2)(c), DSC. Respondents filed a motion for summary judgment, supported by copies of portions of the state court record, on October 31, 2005. Because petitioner is proceeding pro se, an order pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), was issued on December 1, 2005, advising petitioner of his responsibility to properly respond to the motion for summary judgment. Petitioner filed his response on December 22, 2005.

---

[1]This is the Houston v. Lack, 487 U.S. 266 (1988) "delivery" date. See order filed August 19, 2005.

## Procedural History

Temple entered a guilty plea and was sentenced on March 20, 1997. He did not file a direct appeal.

Temple filed an application for post-conviction relief ("PCR") on December 31, 1997 (App. 36). An evidentiary hearing was held on October 18, 1999. Temple appeared, was represented by counsel, and testified. (App. 48). The PCR court issued an order of dismissal on November 26, 1999. (App. 96). No immediate appeal was filed.

After the hearing, the State moved the PCR court to order the South Carolina Department of Corrections ("SCDC") to revoke Temple's earned work credit, earned educational credit, and good time credit (collectively "GTC") pursuant to S.C. Code Ann. § 24-27-200 because Temple had testified falsely during the PCR hearing. The PCR court issued an order on November 22, 1999, requiring SCDC to review Temple's GTC's with a recommendation that they be forfeited (App. 183). The order was not appealed.

Instead of appealing the PCR court's orders, Temple filed three documents with the Clerk of Court in his PCR case (App. Ex. 3, 4, and 5). The PCR court construed these documents as a motion for reconsideration pursuant to South Carolina Procedure and denied the same on March 2, 2000 (App, Ex. 6). Temple did not appeal this order.[2]

Temple filed a second PCR on March 15, 2000 alleging, *inter alia*, that his PCR counsel was ineffective (App. 103). Before the second PCR was resolved, Temple filed a third. An

---

[2]Additionally, Temple wrote the South Carolina Supreme Court on January 21, 2000. The court responded by letter dated January 28, 2000, advising Temple that no appeal was pending in his PCR case and that he should contact his PCR attorney.

2

evidentiary hearing was held on September 18, 2001 (App. 111). The PCR court issued a written order of dismissal on October 28, 2002 (App. 199).

An appeal was filed through the South Carolina Office of Appellate Defense. The petition for writ of certiorari presented the following issues:

> 1. Whether the PCR court erred in ruling that petitioner knowingly and intelligently waived his right to appeal from the dismissal of his first post-conviction relief application and the forfeiture of earned credits?
>
> 2. Whether the PCR Court erred by refusing tog rant petitioner relief based on the failure of his PCR counsel to timely amend his petition to include the grounds that plea counsel failed to challenge petitioner's sentence as a subsequent offender where his fist conviction was for distributing a non-controlled substance?

The petition also presented the following issues pursuant to Austin v. State, 409 S.E.2d 395 (1991) (providing limited exception to rule that PCR applicant is not entitled to effective assistance of counsel to allow assertion that applicant sought to appeal denial of the PCR).

> A. Whether the PCR court erred in failing to grant a continuance to alleviate any prejudice to the state where petitioner attempted to amend his application to include the allegation that his trial counsel was ineffective for failing to challenge his sentence as a habitual offender where petitioner's first offense was for distribution of imitation drugs, which is not a conviction relating to narcotic drugs, marijuana, depressant, stimulant, or hallucinogenic drugs?
>
> B. Whether the PCR court erred by now allowing petitioner to argue and submit evidence showing that his trial counsel was ineffective for failing to challenge his sentence as a habitual offender where petitioner alleged in his original application that trial counsel was ineffective, without specifying manner hin [sic] which counsel was ineffective, where petitioner is entitled to only one bite at the apple and applications should be read broadly to encompass all available grounds for relief?
>
> C. Whether the PCR court erred in ordering petitioner's earned work, education and good time credits revoked for allegedly falsely

3

swearing at his PCR hearing in light of this Court's decision in Wade v. State, 348 SC 255, 559 SE2d 843 (2002)?

The petition for writ of certiorari was denied by the South Carolina Supreme Court on September 22, 2004 (App. Ex. 10). The remittitur was sent on October 11, 2004 (App. Ex. 11).[3]

## Grounds for Relief

In his present petition, Temple asserts that he is entitled to a writ of habeas corpus on the following grounds:

> GROUND ONE: Trial judge ERROREd by Enhancing the petitioner sentence from a prior1989 conviction for a noncontrolled substance From Stephen County Georgia. (Sic.)
>
> SUPPORTING FACTS: petitioner pled guilty to six counts related to a drug distribution that arose from two crack purchase in one day. The Solicitor told the judge she had a certified copy of petitioner first drug offense conviction from George the plea judge labeled petitioner "a dope dealer," an sentence him as if he was a habitual offender. petitioner showed his first PCR attorney and submitted as an ExHibit at his second hearing, a copy of his Georgia conviction These document's described the act of selling fake drugs, a noncontrolled substance. (Sic.)
>
> GROUND TWO: Conviction obtain[ed] by plea of guilty which was unlawfully induced or not made voluntarily with understanding of the nature of the charge and the consequence of plea.
>
> SUPPORTING FACTS: Sentencing attorney Iyon Tony was Ineffective for failing to recognize that the defendant should not have been sentence as a Second Offender had counsel review the petitioner record. and the 1989

---

[3]It should be noted that Temple filed a previous petition for writ of certiorari in this court. See Temple v. Miro, Civil Action No. 3:00-3705-17BC. That action was dismissed without prejudice on June 19, 2001.

|  |  |
|---|---|
|  | Stephen County, Georgia Indictment the out come would have been different. (Sic). |
| GROUND THREE: | Ineffective assistance of first PCR counsel Daniel Day |
| SUPPORTING FACTS: | petitioner was denied The right to Amend PCR Application do to counsel fail to contact the defendant our To Review Clerk file to insure that All Available grounds were raised Counsel failed to file a Timely Notice of Appeal after being requested by petitioner. (Sic.) |

Temple filed an addendum to his petition which raises the following grounds:

|  |  |
|---|---|
| GROUND ONE: | The Supreme Court erred in refusing to grant petitioner a Writ of Certiorari from the dismissal from his P.C.R. application that petitioner knowingly and intelligently waived his rights to appeal and the forfeiture of earned credits. (Sic.) |
| GROUND TWO: | The supreme court erred in refusing to grant petitioner writ of certiorari based on the failure of his P.C.R. counsel Daniel Day timely amend his petition to include the grounds that plea counsel failed to challenge petitioner's sentence as a subsequent offender where his conviction was for distributing a non-controlled substance. |
| GROUND THREE: | Sentencing Attorney Ivon Tony was ineffective for failure to object to introduction of out of state conviction at sentencing hearing when State statute prohibited it. U.S.C.A. Amend. 6 (Sic.) |

### Discussion

A.     Antiterrorism and Effective Death Penalty Act ("AEDPA") Statute of Limitations

Respondents assert that the petition should be dismissed because it was not timely filed under the one-year statute of limitations created by the AEDPA. The AEDPA became effective on April 24, 1996. The AEDPA substantially modified procedures for consideration of

5

habeas corpus petitions of state inmates in the federal courts. One of those changes was the amendment of 28 U.S.C. § 2244 to establish a one-year statute of limitations for filing habeas petitions.[4] Subsection (d) of the statute now reads:

> (d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of--
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review;  or
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

The one-year statute of limitations in § 2254 is not jurisdictional, but is subject to the doctrine of equitable tolling. This doctrine allows courts to forgive untimely petitions based on "extraordinary circumstances" beyond the inmate's control which cause the delay. Bilodeau v. Angelone, 39 F.Supp.2d 652, 659 n.1 (E.D.Va. 1999). Under § 2244(d), the State bears the burden of asserting the statute of limitations. Petitioner then bears the burden of establishing the applicability of the doctrine. Hill v. Braxton, 277 F.3d 701 (4th Cir. 2002).

---

[4] Prior to this amendment there was no statute of limitations. Habeas Rule 9(a) allowed dismissal only where the state could show it had been prejudiced by a delay in filing. Duarte v. Hershberger, 947 F. Supp. 146, 148, n.2 (D.N.J. 1996).

Temple pled guilty on March 20, 1997 and his conviction became final under South Carolina procedure on March 30, 1997, as he did not file a direct appeal.[5] Thus, Temple had 365 days from that date to file his petition in this court. He filed his first PCR on December 31, 1997. Temple allowed two hundred seventy-six (276) days to lapse before the statutory tolling period began. Giving Temple all credit for the time his overlapping PCR applications were pending in state court, the tolling period ended no later than October 11, 2004, when the remittitur was returned on his final PCR. An additional two hundred ninety five (295) days of untolled time lapsed before he filed his petition in this court on August 3, 2005. By these calculations, five hundred seventy-one days of untolled time lapsed between Temple's conviction becoming final and the filing of his petition for writ of habeas corpus. The petition is clearly untimely.

Temple does not address respondents' statute of limitations' argument in his Roseboro response. Thus, he has not attempted to show that extraordinary circumstances beyond his control caused him to delay filing of his petition.

B.    Procedural Bar

Respondents also assert that the petition should be dismissed because Temple's claims are procedurally barred.

Exhaustion and procedural bypass are separate theories which operate in a similar manner to require a habeas petitioner to first submit his claims for relief to the state courts. The two theories rely on the same rationale. The general rule is that a petitioner must present his claim to the highest state court with authority to decide the issue before the federal court will consider the claim.

---

[5]See SCACR, 203(b)(2) and Crawley v. Catoe, 257 F.3d 395 (4th Cir. 2001).

7

**1.     Exhaustion**

The theory of exhaustion is based on the statute giving the federal court jurisdiction of habeas petitions. Applications for writs of habeas corpus are governed by 28 U.S.C. § 2254, which allows relief when a person "is in custody in violation of the Constitution or laws or treaties of the United States." The statute states in part:

>  (b)(1)  An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court, shall not be granted unless it appears that
>
>>  (A)  the applicant has exhausted the remedies available in the courts of the State; or
>>
>>  (B)(i)  there is either an absence of available State corrective process; or
>>
>>  (ii)  circumstances exist that render such process ineffective to protect the rights of the applicant.
>
>  (2)  An application for a writ of habeas corpus may be denied on the merits, notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the State.
>
>  (3)  A State shall not be deemed to have waived the exhaustion requirement or be estopped from reliance upon the requirement unless the State, through counsel, expressly waives the requirement.
>
>  (c)  An applicant shall not be deemed to have exhausted the remedies available in the courts of the State, within the meaning of this section, if he has the right under the law of the State to raise, by any available procedure, the question presented.

This statute clearly requires that an applicant pursue any and all opportunities in the state courts before seeking relief in the federal court. When subsections (b) and (c) are read in conjunction, it is clear that § 2254 requires a petitioner to present any claim he has to the state

courts before he can proceed on the claim in this court. See O'Sullivan v. Boerckel, 526 U.S. 838 ( 1999).

The United States Supreme Court has consistently enforced the exhaustion requirement.

> The exhaustion doctrine existed long before its codification by Congress in 1948.  In Ex parte Royall, 117 U.S. 241, 251 (1886), this Court wrote that as a matter of comity, federal courts should not consider a claim in a habeas corpus petition until after the state courts have had an opportunity to act….

Rose v. Lundy, 455 U.S. 509, 515 (1982).

In South Carolina, a person in custody has two primary means of attacking the validity of his conviction. The first avenue is through a direct appeal and, pursuant to state law, he is required to state all his grounds in that appeal. See SCACR 207(b)(1)(B) and Blakeley v. Rabon, 266 S.C. 68, 221 S.E.2d 767 (1976).  The second avenue is by filing an application for post-conviction relief ("PCR"). See S.C. Code Ann. § 17-27-10 et seq.  A PCR applicant is also required to state all of his grounds for relief in his application. See, S. C. Code Ann. § 17-27-90.  Strict time deadlines govern direct appeal and the filing of a PCR in the South Carolina Courts.  A PCR must be filed within one year of judgment, or if there is an appeal, within one year of the appellate court decision.  S.C. Code Ann. § 17-27-45.

When the petition for habeas relief is filed in the federal court, a petitioner may present only those issues which were presented to the South Carolina Supreme Court through direct appeal or through an appeal from the denial of the PCR application, whether or not the Supreme Court actually reached the merits of the claim.[6]  If any avenue of state relief is still available, the

---

[6] In cases where the South Carolina Supreme Court applied a procedural bar, however, this court is directed to also apply that bar, except in certain limited circumstances. See discussion below on procedural bypass.

petitioner must proceed through the state courts before requesting a writ of habeas corpus in the federal courts, Patterson v. Leeke, 556 F.2d 1168 (4th Cir. 1977) and Richardson v. Turner, 716 F.2d 1059 (4th Cir. 1983). If petitioner has failed to raise the issue before the state courts, but still has any means to do so, he will be required to return to the state courts to exhaust the claims. See Rose v. Lundy, supra.

### 2. Procedural bypass[7]

Procedural bypass is the doctrine applied when the person seeking relief failed to raise the claim at the appropriate time in state court and has no further means of bringing that issue before the state courts. If this occurs, the person is procedurally barred from raising the issue in his federal habeas petition. The United States Supreme Court has clearly stated that the procedural bypass of a constitutional claim in earlier state proceedings forecloses consideration by the federal courts, Smith v. Murray, 477 U.S. 527, 533 (1986). Bypass can occur at any level of the state proceedings, if a state has procedural rules which bar its courts from considering claims not raised in a timely fashion. The two routes of appeal in South Carolina are described above, and the South Carolina Supreme Court will refuse to consider claims raised in a second appeal which could have been raised at an earlier time. Further, if a prisoner has failed to file a direct appeal or a PCR and the deadlines for filing have passed, he is barred from proceeding in state court.

If the state courts have applied a procedural bar to a claim because of an earlier default in the state courts, the federal court honors that bar. State procedural rules promote

---

[7]This concept is sometimes referred to as procedural bar or procedural default. If a petitioner procedurally bypasses his state remedies, he is procedurally barred from raising them in this court.

>not only the accuracy and efficiency of judicial decisions, but also the finality of those decisions, by forcing the defendant to litigate all of his claims together, as quickly after trial as the docket will allow, and while the attention of the appellate court is focused on his case.

Reed v. Ross, 468 U.S. 1, 10-11 (1984).

Although the federal courts have the power to consider claims despite a state procedural bar,

>the exercise of that power ordinarily is inappropriate unless the defendant succeeds in showing both 'cause' for noncompliance with the state rule and 'actual prejudice resulting from the alleged constitutional violation.'

Smith v. Murray, supra, quoting Wainwright v. Sykes, 433 U.S. at 84 (1977); see also Engle v. Isaac, 456 U.S. 107, 135 (1982).

Stated simply, if a federal habeas petitioner can show (1) cause for his failure to raise the claim in the state courts, and (2) actual prejudice resulting from the failure, a procedural bar can be ignored and the federal court may consider the claim. Where a petitioner has failed to comply with state procedural requirements and cannot make the required showing(s) of cause and prejudice, the federal courts generally decline to hear the claim. See Murray v. Carrier, 477 U.S. 478, 496 (1986).

### 3. Inter-relation of Exhaustion and Procedural Bypass

As a practical matter, if a petitioner in this court has failed to raise a claim in state court, and is precluded by state rules from returning to state court to raise the issue, he has procedurally bypassed his opportunity for relief in the state courts, and this court is barred from considering the claim (absent a showing of "cause" and "actual prejudice"). In such an instance, the exhaustion requirement is "technically met" and the rules of procedural bar apply. Matthews v. Evatt, 105 F.3d 907 (4th Cir. 1997); cert. denied, 522 U.S. 833 (1997) citing Coleman v.

Thompson, 501 U.S. 722, 735 n.1 (1991); Teague v. Lane, 489 U.S. 288, 297-98 (1989); and George v. Angelone, 100 F.3d 353, 363 (4th Cir. 1996).

### 4. Excusing Default

The requirement of exhaustion is not jurisdictional, and this court may consider claims which have not been presented to the South Carolina Supreme Court in limited circumstances. Granberry v. Greer, 481 U.S. 129, 131 (1989).  First, a petitioner may obtain review of a procedurally barred claim by establishing cause for the default and actual prejudice from the failure to review the claim. Coleman v. Thompson, 501 U.S. at 750 and Gary v. Netherland, 518 U.S. 152, 162 (1996).  Second, a petitioner may rely on the doctrine of actual innocense.

A petitioner must show both cause and actual prejudice to obtain relief from a defaulted claim. In this context, "cause" is defined as "some objective factor external to the defense [that] impeded counsel's efforts to comply with the State's procedural rule." Strickler v. Greene, 527 U.S. 263, 283 n. 24 (1999) (quoting Murray v. Carrier, 477 U.S. 478, 488 (1986). A petitioner may establish cause if he can demonstrate ineffective assistance of counsel relating to the default, show an external factor which hindered compliance with the state procedural rule, demonstrate the novelty of his claim, or show interference by state officials. Murray v. Carrier; Clozza v. Murray, 913 F.3d 1092 (4th Cir. 1990), cert. denied, 499 U.S. 913 (1991); and Clanton v. Muncy, 845 F.2d 1238 (4th Cir.), cert. denied, 485 U.S. 1000 (1988).  A petitioner must show reasonable diligence in pursuing his claim to establish cause. Hoke v. Netherland, 92 F.3d 1350, 1354 n. 1 (4th Cir. 1996). Further, the claim of cause must itself be exhausted. Edwards v.

Carpenter, 529 U.S. 446 (2000) (failure of counsel to present issue on direct appeal must be exhausted in collateral proceeding as ineffective assistance to establish cause for default).

Generally, a petitioner must show some error to establish prejudice. Tucker v. Catoe, 221 F.3d 600, 615 (4th Cir.), cert. denied, 531 U.S. 1054 (2000). Additionally, a petitioner must show an actual and substantial disadvantage as a result of the error, not merely a possibility of harm to show prejudice. Satcher v. Pruett, 126 F.3d 561, 572 (4th Cir. 1997).

"Actual innocense" is not an independent claim, but only a method of excusing default. O'Dell v. Netherland, 95 F.3d 1214, 1246 (4th Cir. 1996), *aff'd*, 521 U.S. 151 (1997). To prevail under this theory, a petitioner must produce new evidence not available at trial to establish his factual innocence. Royal v. Taylor, 188 F.3d 239 (4th Cir. 1999). A petitioner may establish actual innocense as to his guilt, Id., or his sentence. Matthews v. Evatt, 105 F.3d 907, 916 (4th Cir. 1997).

### 5.     Procedure

Procedural default is an affirmative defense which is waived if not raised by respondents. Gray v. Netherland, 518 U.S. at 165-66. It is petitioner's burden to raise cause and prejudice or actual innocense. If not raised by petitioner, the court need not consider the defaulted claim. Kornahrens v. Evatt, 66 F.3d 1350 (4th Cir. 1995), cert. denied, 517 U.S. 1171 (1996).

The only presentation of issues to the South Carolina Supreme Court was contained in the 2003 petition for writ of certiorari which included the Austin issues. These issues are quoted above. None of the issues are included in the present petition, and Temple has no further recourse

in state court. The undersigned concludes that the grounds for relief in the present petition are procedurally barred.

Temple does not seek to establish cause and prejudice for his default in his <u>Roseboro</u> response. Instead, he argues generally:

> Petitioner has executed a good faith attempt to have the state courts to correct errors, there is an absence of available state corrective process within the meaning of the federal habeas statute, and the petitioner has effectively exhausted his state remedies. (Response, p. 10).

This argument fails to recognize the essential requirement that a petitioner must present his claims to the South Carolina Supreme Court before asserting them in this court. Merely alleging them and developing them in the PCR process, without presentation to the Supreme Court, is insufficient.

## Conclusion

The petition is barred by the applicable statute of limitations and contains only grounds that are procedurally defaulted. It is, therefore, recommended that the respondents' motion for summary judgment be granted, and the petition dismissed without an evidentiary hearing.

Respectfully submitted,

s/Joseph R. McCrorey
United States Magistrate Judge

March 15, 2006
Columbia, South Carolina

**The parties' attention is directed to the important information on the attached notice.**

## Notice of Right to File Objections to Magistrate Judge's Report and Recommendation
## &
## The Serious Consequences of a Failure to Do So

The parties are hereby notified that any objections to the attached Report and Recommendation (or Order and Recommendation) must be filed within ten (10) days of the date of its filing. 28 U.S.C. § 636 and Fed. R. Civ. P. 72(b). The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three days for filing by mail. Fed. R. Civ. P. 6. Based thereon, this Report and Recommendation, any objections thereto, and the case file will be delivered to a United States District Judge fourteen (14) days after this Report and Recommendation is filed. Advance Coating Technology, Inc. v. LEP Chemical, Ltd., 142 F.R.D. 91, 94 & n. 3 (S.D.N.Y. 1992). A magistrate judge makes only a recommendation, and the authority to make a final determination in this case rests with the United States District Judge. See Mathews v. Weber, 423 U.S. 261, 270-271 (1976); and Estrada v. Witkowski, 816 F. Supp. 408, 410 (D.S.C. 1993).

During the ten-day period, but not thereafter, a party must file with the Clerk of Court specific, written objections to the Report and Recommendation, if he wishes the United States District Judge to consider any objections. Any written objections must *specifically identify* the portions of the Report and Recommendation to which objections are made *and* the basis for such objections. Failure to file written objections shall constitute a waiver of a party's right to further judicial review, including appellate review, if the recommendation is accepted by the United States District Judge. See United States v. Schronce, 727 F.2d 91, 94 & n. 4 (4th Cir.), *cert. denied*, Schronce v. United States, 467 U.S. 1208 (1984); and Wright v. Collins, 766 F.2d 841, 845-47 & nn. 1-3 (4th Cir. 1985). Moreover, if a party files specific objections to a portion of a magistrate judge's Report and Recommendation, but does not file specific objections to other portions of the Report and Recommendation, that party waives appellate review of the portions of the magistrate judge's Report and Recommendation to which he did not object. In other words, a party's failure to object to one issue in a magistrate judge's Report and Recommendation precludes that party from subsequently raising that issue on appeal, even if objections are filed on other issues. Howard v. Secretary of HHS, 932 F.2d 505, 508-509 (6th Cir. 1991). See also Praylow v. Martin, 761 F.2d 179, 180 n. 1 (4th Cir.)(party precluded from raising on appeal factual issue to which it did not object in the district court), *cert. denied*, 474 U.S. 1009 (1985). In Howard, supra, the Court stated that general, non-specific objections are *not* sufficient:

> A general objection to the entirety of the [magistrate judge's] report has the same effects as would a failure to object. The district court's attention is not focused on any specific issues for review, thereby making the initial reference to the [magistrate judge] useless. * * * This duplication of time and effort wastes judicial resources rather than saving them, and runs contrary to the purposes of the Magistrates Act. * * * We would hardly countenance an appellant's brief simply objecting to the district court's determination without explaining the source of the error.

*Accord* Lockert v. Faulkner, 843 F.2d 1015, 1017-19 (7th Cir. 1988), where the Court held that the appellant, who proceeded *pro se* in the district court, was barred from raising issues on appeal that he did not specifically raise in his objections to the district court:

> Just as a complaint stating only 'I complain' states no claim, an objection stating only 'I object' preserves no issue for review. * * * A district judge should not have to guess what arguments an objecting party depends on when reviewing a [magistrate judge's] report.

See also Branch v. Martin, 886 F.2d 1043, 1046 (8th Cir. 1989)("no de novo review if objections are untimely or general"), which involved a *pro se* litigant; and Goney v. Clark, 749 F.2d 5, 7 n. 1 (3rd. Cir. 1984)("plaintiff's objections lacked the specificity to trigger *de novo* review"). This notice, hereby, apprises the parties of the consequences of a failure to file specific, written objections. See Wright, supra,; and Small v. Secretary of HHS, 892 F.2d 15, 16 (2nd Cir. 1989). Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing addressed as follows:

Larry W. Propes, Clerk<br>
United States District Court<br>
901 Richland Street<br>
Columbia, South Carolina 29201